UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERESA ANN HANKERSON,<br><br>                Plaintiff,<br><br>-against-<br><br>ARMY COMMISSIONER; ARMY COMMISSIONER VETERAN; MEDICADE COMMISSIONER; COMMISSIONER SURROGATE'S COURT OF RECORDS; COMMISSIONER MOTOR VEHICLE DEPARTMENT OF RECORDS; STATE SURROGATE COURT; COMMISSIONER BUFFALO ADOPTION; COMMISSIONER MEMRBERS OF COMMISSIONER,<br><br>                Defendants. | 1:24-CV-1691 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Theresa Ann Hankerson, of Brooklyn, New York, who appears *pro se*, filed this action invoking the court's federal question jurisdiction and diversity jurisdiction. She sues: (1) "Army Commissioner"; (2) "Army Commissioner Veteran"' (3) "Medi[caid] Commissioner"' (4) "Commissioner Surrogate's Court of Records"; (5) "Commissioner Motor Vehicle Department of Records"; (6) "State Surrogate Court"; (7) "Commissioner Buffalo Adoption"; and (8) "Commissioner Memrbers of Commissioner" [*sic*].

        On March 7, 2024, the Court granted Plaintiff *in forma pauperis* ("IFP") status. For the reasons set forth below, the Court dismisses this action without prejudice.

### STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

In her complaint, Plaintiff states the following with respect to the federal constitutional or statutory bases of her claims brought under the court's federal question jurisdiction: "Why is that 125 Worth [Street] death certificate was a different name and the Surrogate Court was a different? Why Medic[aid] don't have in record that William Willie Hankerson is a veteran he serve [in] the Army? [*sic*]" (ECF 1, at 2.)

Plaintiff alleges, in her complaint's statement of claim, that the events that are the bases of her claims occurred in New York City. (*Id.* at 5.) She also alleges the following in the complaint's statement of claim:

> Requesting how long William Willie Henry Hemp Hankerson been in the Army Vietnam, I went to the Surrogate[s] Court at 88-11 [Sutphin Boulevard,] Queen[s][,] New York, they state that I have to go [through] State Capital. Requesting for Driver Record from when he first got one, Driver[s] [License], also requesting all Driver[s] [License] records of William Willie Henry Hemp Hankerson last four number of his Social 6444 request for Army, Vietnam, records, my sister Judy Ann Hankerson, Daley pass away she raise[d] me, and Elise Hankerson rais[ed] me Elise Hankerson is William Willie . . . Henry Hemp Hankerson Elise Hankerson is not on William Willie Hankerson['s] death certificate, requesting for marriage license of William Willie Hankerson and Elise Hankerson, Judy Ann Hankerson Daly is Elise Hankerson['s] daughter Elise Hankerson had rais[ed] me Theresa Ann Hankerson I had requested the original

2

> birth certificate . . . since Judy Hankerson you that she will be on my birth certificate. [*sic*]

(ECF 1, at 5-6.)

Plaintiff alleges the following in the injuries section of her complaint: "violation of human rights, constitution[al] rights William Willie Hankerson had pass[ed] away Elise Hankerson, pass[ed] away, Judy Hankerson pass[ed] away [*sic*]." (*Id.* at 6.) She states the following in the relief section of her complaint:

> Requested for this bill of $147,689,91 to be lifted of[f] my father William Willie Hankerson. He is a veteran, they don[']t pay for medical expenses, request for William Motor Vehicles records all the cars that he registered in his name request for marriage [license], Driver[s] [License], death certificate. Requested from Motor Vehicle Records all the cars that William Willie Hankerson had registered in his name. [*sic*]

(*Id.*)

## DISCUSSION

The Court understands that Plaintiff is asserting claims on behalf of the estate of her deceased father, William Willie Hankerson, *pro se*, in an attempt to have that estate relieved of medical debt. Where, as here, there may be multiple claimants of rights to the deceased's estate (Plaintiff and other possible descendants of William Willie Hankerson and Elise Hankerson, including the descendants of Plaintiff's deceased sister, Judy Ann Hankerson), and as there appear to be creditors of the estate claiming the abovementioned debt, such claims cannot be asserted by any of the deceased's survivors on behalf of that estate *pro se*. *Compare Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 893 (2d Cir. 2019) ("[W]hen the administrator and *sole beneficiary* of an estate with *no creditors* seeks to appear *pro se* [in federal court] on behalf of the estate, she is in fact appearing *solely on her own behalf*, because she is the only party affected by the disposition of the suit. Under those circumstances, the assignment of the sole beneficiary's claims to a paper entity – the estate – rather than to the beneficiary herself, is only a legal

3

fiction." (citing *Guest v. Hansen*, 603 F.3d 15, 20-21 (2d Cir. 2010) (emphasis added))), *with Guest*, 603 F.3d at 20 ("Where there are other beneficiaries, 'an action cannot be described as the litigant's own, because the personal interests of the estate, *other survivors*, and *possible creditors* . . . will be affected by the outcome of the proceedings." (citation omitted, emphasis added))); *see generally Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."). Accordingly, the Court dismisses this action without prejudice.

## CONCLUSION

The Court dismisses this action without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action without prejudice for the reasons set forth in this order.

SO ORDERED.

Dated:   April 30, 2024
            New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge